UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| RES-NV CHLV, LLC,<br><br>　　　Plaintiff,<br><br>v.<br><br>CELEBRATE PROPERTIES, LLC, *et al*.,<br><br>　　　Defendants. | Case No. 2:11-cv-00599-LDG (GWF)<br><br>**ORDER** |

　　　The plaintiff, RES-NV CHLV, LLC, has applied for default judgment (#30). The motion is not opposed.

　　　In seeking default judgment, the plaintiff has expressly asked the Court to first determine that it has subject matter jurisdiction.[1]  As noted by plaintiff, in two other actions with similar facts filed in this district, one of which the undersign presided over, the court has dismissed the lawsuits for lack of subject matter jurisdiction.

---

[1] The Court appreciates the candor of the plaintiff in bringing to the Court's attention both the issue of subject matter jurisdiction and the citations to the other cases in which the issue was briefed and decided.

The undersigned dismissed the other, similar case on the basis that the plaintiff in that case is a limited liability company in which the Federal Deposit Insurance Corporation (FDIC) is a member.  A limited liability company "is a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Properties Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006).  However, "as federally-chartered corporation, the FDIC is not a citizen of any state, but rather is a national citizen only." *Hancock Financial Corp. v. Fed. Sav. & Loan Ins. Corp*., 492 F.2d 1325, 1329 (9th Cir. 1974).  As a result, diversity jurisdiction cannot exist when a party is a limited liability company that has, as a member, an entity such as the FDIC that is not a citizen of any state.

Consistent with *Johnson* and the prior rulings in this district on this issue, the Court finds that, as the plaintiff is a limited liability company, and as one of plaintiff's members is the FDIC, diversity jurisdiction does not exist.  Therefore, the Court lacks subject matter jurisdiction and must dismiss the matter as such.

THEREFORE,

THE COURT **ORDERS** that this matter is DISMISSED for lack of subject matter jurisdiction;

THE COURT FURTHER **ORDERS** that Plaintiff's Application for Default Judgment (#30) is DENIED as moot.

DATED this _30_ day of March, 2012.

Lloyd D. George
United States District Judge

2